Keith M. Knowlton, Esq. - SBN 011565
KEITH M. KNOWLTON, L.L.C.
9920 S. Rural Road, Ste. 108
PMB #132
Tempe, Arizona 85284-4100
Phone: (602) 692-6083
Fax: (480) 471-8956
keithknowlton@msn.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Changamu,<br><br>                    Plaintiff,<br><br>vs.<br><br>PINAL COUNTY SHERIFF MARK LAMB; Sheriff Deputy R. GALLO #2230 and SPOUSE GALLO, husband and wife; Sheriff Deputy ECCLES #1565 and SPOUSE ECCLES, husband and wife; LT. YORK and SPOUSE YORK, husband and wife; Deputy, C. LIZARRANGA #2206 and SPOUSE LIZARRANGA, husband and wife; Sheriff Deputy J. ADAMS #2555 and SPOUSE ADAMS; and JOHN DOES AND JANE DOES I-X and INDIVIDUALS/ ENTITIES I-X,<br><br>                    Defendants. | No. CV-22-1598- PHX DGC (JFM)<br><br>**FIRST AMENDED COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff Richard Changamu, as and for his First Amended Complaint against all Defendants alleges as follows:

## **PARTIES**

1.    Plaintiff, Richard Changamu ("Richard") is an adult resident of the State of Arizona and at all times relevant to the complaint resided within the County of Pinal.

-1-

2. Defendant Sheriff Mark Lamb is the elected Sheriff of Pinal County and the Chief Executive Officer of the Pinal County Sheriff's Office ("PCSO").

3. Defendants Sheriff Deputy R. GALLO #2230; Sheriff Deputy ECCLES #1565, Sheriff Deputy C. LIZARRANGA #2206 and Sheriff Deputy J. ADAMS #2555 are sworn law enforcement officer/agent/employee of Defendant PCSO.

4. Defendant Lt. York Sgt. is a sworn law enforcement officer/agent/employee and supervisor at PCSO.

5. The individual Defendants listed above are referred to hereafter collectively as "Sheriff Deputy Defendants."

## JURISDICTION AND VENUE

6. Defendants and each of them caused events to occur in Pinal County out of which this Complaint arose or are residents of Pinal County.

7. This action is ~~further~~ being brought pursuant to 42 U.S.C. §1983 to remedy Defendants' violation of Plaintiff's constitutional rights under the ~~Fourth, and~~ Eighth or Fourteenth Amendments to the United States Constitution.

8. Upon information and belief, each and every Sheriff's Deputy or PCSO employee involved, aided and abetted each other and therefore is liable for the consequences of the others conduct.

9. Plaintiff is entitled to punitive damages under 42 U.S.C. § 1983.

## JURY DEMAND

10. Plaintiff demands a trial by jury for all issues so triable.

## FACTUAL ALLEGATIONS

11. All preceding paragraphs set forth above are fully incorporated herein by this reference.

12. On 7/26/2021, Plaintiff was picked up from prison to be transported **to** Pinal Superior court for court scheduled appearance before Judge Delia Neal.

13. For transportation, Plaintiff was handcuffed, shackled and then the cuffs were interlocked with a black box which was also locked to the waistline chain by escorting PCSO Deputy R. Gallo #2230 and Eccles #1566.

14. On the way to Court, Plaintiff requested the two escorting officers R. Gallo #2230 and Eccles #1566 to loosen his cuffs when they got to a more secure place (court) because they were extremely tight and his hands were swollen.

15. Upon arrival at court, Pinal County Superior Court in Florence, Arizona, the officers put Plaintiff in a holding tank bottom floor (Pinal Superior Court holding tanks) and never loosen the cuffs.

16. For almost 3 to 4 hours in the holding tank Plaintiff kept asking Deputies Gallo and Eccles loosen them but he was ignored.

17. At around 1230pm, Plaintiff was taken upstairs to see his lawyer Mark Mendoza from Mayes and Telles.

18. Mr. Mendoza noticed the cuffs upon Plaintiff signing papers and asked the Deputies to loosen the cuffs but, they refused.

19. That the cuffs were on too tight was obvious from the redness and swelling.

20. After, court, Plaintiff asked to speak to Gallos and Eccles superior and they said they had no time for that.

21. As Plaintiff approached the downstairs holding tank and he was about to sit down in a chair, Plaintiff was grabbed violently, lifting him off the ground, tightening his cuffs even more.

22. The tightness of the cuffs has left Plaintiff with a permanent scar.

23. A third Deputy, C. Lizarranga #2206 ran past them opening the door to brown-mile (the brown hallway connecting superior court and PCSO jail).

24. Deputies Gallos and Eccles slammed Plaintiff against the wall.

25. Deputy Lizarranga after closing the door, came behind Plaintiff and kneed him hard on his lower spine.

26. After the two Deputies slammed Plaintiff against the wall, Plaintiff had a big knot on his forehead and a rash on his left eye socket.

27. Plaintiff demanded to see a superior after this encounter and medical and they threatened to stun him and placed him in a car and drove a way.

28. Plaintiff stated he needed medical attention.

29. The Deputies then made a ~~u~~U-turn back to PCSO sally port.

30. When they got there, there were over ten officers under supervision of Lt York waiting for them.

31. Lt. York went to the driver side door and Plaintiff requested to speak to him.

32. Lt. York said, "I DON'T GIVE A SHIT WHAT YOU HAVE TO SAY GET OUT OF THE CAR AND DO WHAT WE TELL YOU, END OF STORY."

33. He then closed the car door.

34. Then black wrap was placed on the floor and Plaintiff was ordered out of the car and ordered to get on his knees and then his stomach.

35. He complied with all the orders.

36. All of a sudden Plaintiff felt a very painful electric shock three (3) different times on his back.

37. Came to find out on reports by Deputy J Adams 2555, that Adams deployed three (3) Drive Stuns from the taser he had placed to Plaintiff's back.

38. Plaintiff was hogtied in the black wrap and transported to Red Rock Correctional facility where he received medical attention.

39. A Captain from Red Rock took some pictures of Plaintiff's back stun gun marks, forehead knot, and rash on left eye socket and was given some pain medicine with an ice bag.

# COUNT ONE

## VIOLATION OF CIVIL RIGHTS
### (42 U.S.C. § 1983 – Excessive force)

40. The allegations set forth above are fully incorporated herein by this reference.

42. In committing the actions and/or omissions set forth above in the Factual Statement, the Sheriff Deputy Defendants, including Lt. York, and each of them, acted under color of state law, and engaged in conduct that was the proximate cause of a violation of Plaintiff's rights under the Eighth and/or Fourteenth Amendments to the Constitution of the United States of America, including but not limited to his right not to experience excessive force from law enforcement when being detained, seized and/or transported and not using force that is malicious and or sadistic for the purpose of causing harm and not in a good faith effort to maintain or restore discipline.

43. The force used by the Sheriff Deputy Defendants, including Lt. York in holding Plaintiff in custody and transporting him was not reasonable or justified under the circumstances.

44. An objective reasonable law enforcement officer under the same circumstances would not have used the force that was used by the Sheriff Deputy Defendants, including Lt. York.

45. In addition to using excessive and unnecessary force under all the circumstances, which included hitting, slamming Plaintiff against the wall, keeping his handcuffs too tight, kneeing Plaintiff all while he was handcuffed behind his back and shackled, tightening his handcuffs when they were obviously too tight causing pain and suffering and tasering Plaintiff while he lay on the ground fully handcuffed and shackled constitutes excessive force that was not reasonable or necessary under the circumstances but indicates each Defendant acted maliciously

and sadistically for the purpose of causing harm and not in a good faith effort to maintain or restore discipline.

46. Each Sheriff's Deputy Involved had a duty to assure that excessive force was not used and to stop other Deputies from using excessive force on Plaintiff.

47. As a result of the Defendants' actions alleged above, and in violation of Plaintiff's rights under Federal and State law, Plaintiff suffered damages, physical injury, endured mental and emotional distress, and was seized and detained wrongfully, all in an amount to be determined at trial.

48. Plaintiff is entitled to bring this cause of action against the Defendants pursuant to 42 U.S.C. § 1983.

49. Plaintiff is entitled to recover his attorneys' fees incurred in this matter pursuant to 42 U.S.C. § 1988(b).

COUNT TWO
42 U.S.C. §1983
(Unconstitutional Custom, Policy, Practice Procedure and/or Ratification)

50. Plaintiff incorporates herein all the preceding numbered paragraphs.

51. Defendant Sheriff at all relevant times was the chief executive officer of PCSO.

52. The Police Officer Defendants violated the PCSO policy regarding use of excessive force, especially on an individual in their custody who is hand cuffed and shackled.

53. As the Sheriff, Defendant Lamb has a non-delegable duty to ensure the policies of the Sheriff's Office are followed by deputies and that the force used is minimal as necessary to safely take individuals into custody, holding prisoners and transporting prisoners to court and that force used on prisoners being transferred to and from court, to and from prison is not used maliciously and

sadistically for the purpose of causing harm and not in a good faith effort to maintain or restore discipline causing Plaintiff harm.

54. Defendants Lamb received Plaintiff's Notice of Claim and the Complaint in this matter.

55. Defendant Lamb and his appointed supervisors, such as Lt. York took no action against the Sheriff Deputy Defendants, including Lt. York for the force used on Plaintiff when he was fully handcuffed and shackled.

56. Defendant Lamb and his supervisor Lt. York ratified the conduct of the Sheriff Deputy Defendants, including Lt. York by taking no disciplinary action against them.

57. By ratifying the Sheriff Deputy Defendants, including Lt. York's conduct and/or taking no disciplinary action against them, Defendant Lamb has created a practice and procedure that police officers using excessive force on a prisoner who is cuffed behind his back and shackled do not have to follow policy and can take unauthorized actions with impunity.

58. This practice and procedure of impunity for using excessive force by deputies was the proximate cause of what happened in this case.

59. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to attorney's fees and punitive damages from Lamb based on the above.

60. Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff, having fully pled his claims against Defendants, respectfully requests that this Court enter Judgment in favor of Plaintiff and against these Defendants, individually, jointly and severallyas follows:

1. Awarding Plaintiff all allowable actual damages resulting from Defendants' unlawful acts and omissions;

  2. Awarding punitive and exemplary damages in an amount sufficient to deter these Defendants or other similarly situated from engaging in the aforementioned conduct.

  3. For compensatory damages, including but not limited to physical injury, emotional distress, all in an amount to be determined at the time of trial;

  4. For attorneys' fees and costs;

  5. For Punitive damages;

  6. And to grant such other and further relief as the Court feels is just under the circumstances.

  **RESPECTFULLY SUBMITTED** this 30th day of January, 2023.

         **KEITH M. KNOWLTON, L.L.C.**

         /s/ Keith Knowlton

         By: _____
         Keith M. Knowlton (SBN: 001565)\

ORIGINAL filed with the Clerk of the Court by ECF this 30th day of January, 2023, and a copy Mailed and emailed this same date to:

Ashlee B Hesman
Struck Love Bojanowski & Acedo PLC
3100 W Ray Rd., Ste. 300
Chandler, AZ 85226
Email: ahesman@strucklove.com
Attorney for Defendants


/s/ Keith Knowlton